UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN JOHNSON #753595,

       Plaintiff,                                      Hon. Janet T. Neff

v.                                                      Case No. 1:19-cv-437

MICHAEL WILKINSON, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Wilkinson's Motion for Summary Judgment based on Plaintiff's failure to exhaust his administrative remedies and Motion to Dismiss based on Eleventh Amendment immunity. (ECF No. 23.) Plaintiff has filed a response and a declaration (ECF Nos. 30, 31 and 33), and Defendant has replied.[1] (ECF No. 36.) Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **GRANTED**.

**BACKGROUND**

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections (MDOC), sued several MDOC employees pursuant to 42 U.S.C. § 1983 alleging claims arising from events that occurred at the Muskegon Correctional Facility (MCF) in Muskegon, Michigan. Following initial review pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c), Plaintiff's sole remaining claim is an Eighth Amendment claim against Defendant unknown Wilkinson, the Health Unit Manager (HUM) at MCF. Plaintiff alleges that, in December 2017 and February 2018, he

---

[1] Plaintiff has filed two sur-replies without leave of Court. Because this Court's local civil rules do not authorize such filings without leave of court, the undersigned has not considered them. *See* W.D. Mich. LCivR 7.2(c).

sent kites to health care complaining of continuous severe chest pain that was similar to pain that had preceded a past heart attack. Plaintiff states that his kites were completely ignored. On March 7, 2018, Plaintiff specifically addressed a kite to Defendant Wilkinson, who totally disregarded it. Plaintiff alleges that his chest pain continued to worsen. (ECF No. 1 at PageID.3.)

## ANALYSIS

### I.   Motion for Summary Judgment

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly,

summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit with respect to prison conditions under 42 U.S.C. § 1983. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is an affirmative defense under the PLRA that the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion," defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 sets forth the applicable grievance procedure for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P. If this attempt is unsuccessful (or is inapplicable), the prisoner may submit a Step I grievance. *Id.* The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* at ¶ V.

3

The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ FF. The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.*

In support of his summary judgment motion, HUM Wilkinson attaches a Step III Grievance Report showing grievances that Plaintiff exhausted through Step III during the relevant period. Only one grievance pertains to Plaintiff's claim against HUM Wilkinson. In Grievance MCF-18-03-0258-28E, Plaintiff alleged that he sent kites to the medical department in December 2017 and February 2018 stating that he was experiencing severe chest pain. Plaintiff identified the date of the incident as the dates he sent the kites and stated that his kites constituted his attempt to resolve the issue prior to writing the grievance. Plaintiff submitted the grievance on March 11, 2018. (ECF No. 24-3 at PageID.173.) Grievance MCF-18-03-0258-28E was rejected as untimely at Step I, and the rejection was upheld at Steps II and III. (*Id.* at PageID.170–74.) An untimely grievance fails to properly exhaust a claim. *See Rodriguez v. Stevie*, No. 2:11-CV-515, 2013 WL 1194720, at *1 (W.D. Mich. Mar. 22, 2013) ("[A] prisoner cannot properly exhaust 'by filing an untimely or otherwise procedurally defective administrative grievance.'") (quoting *Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009)).

4

In his response, Plaintiff does not dispute that Grievance MCF-18-03-0258-28E would properly be considered untimely.  Plaintiff contends, however, that his grievance was timely, and he properly exhausted his grievance remedies, because on March 7, 2018, he sent a kite to HUM Wilkinson complaining of another incident of chest pain.  (ECF No. 31 at PageID.198; ECF No. 33 at PageID.206.)  Plaintiff's argument lacks merit.  Plaintiff cites no case permitting a prisoner to amend a previously-filed and rejected grievance by alleging additional facts in a post-complaint affidavit or declaration.  In addition, Plaintiff's attempt to expand the scope of his grievance is contrary to the MDOC's grievance policy, which requires that a prisoner set forth in his grievance "<u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how)."  Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ R (emphasis in original).  Plaintiff did not mention his March 7, 2018 kite in his grievance and, thus, failed to alert the respondent that it was part of his grievance.  Accordingly, the untimely grievance did not properly exhaust Plaintiff's claim against Defendant Wilkinson.

**II.     Motion to Dismiss**

HUM Wilkinson also argues that Plaintiff's official-capacity claim is barred by the Eleventh Amendment.  A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  An official capacity suit is thus no different than a suit against the state itself.  *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity.")  Because the Eleventh Amendment prohibits suits for damages against states in federal court, *see Quern .v. Jordan*, 440 U.S. 332, 342 (1979), damage claims against state officials in their official capacities are also barred by the Eleventh Amendment.  *See Ernst v. Rising*, 427 F.3d 351, 358

5

(6th Cir. 2005) (noting that Eleventh Amendment immunity "applies to actions against state officials sued in their official capacity for money damages") (citing *Lapides v Bd. of Regents*, 535 U.S. 613, 616, 623 (2002)).  Moreover, a state official sued in his official capacity is not a "person" subject to suit for money damages under Section 1983.  *Will*, 491 U.S. at 70–71.

Accordingly, Plaintiff's official-capacity claim against HUM Wilkinson is subject to dismissal with prejudice.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court **grant** Defendant's Motions for Summary Judgment and to Dismiss (ECF No. 23), dismissing Plaintiff's claim against Defendant Wilkinson without prejudice for failure to exhaust and dismissing Plaintiff's official-capacity claim against Defendant Wilkinson with prejudice.  Adoption of this Report and Recommendation will result in dismissal of the last remaining claim.

## NOTICE

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within that time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: May 8, 2020                              /s/ Sally J. Berens
                                                SALLY J. BERENS
                                                U.S. Magistrate Judge