UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN DEON JOHNSON,

    Plaintiff,

v.

MICHAEL WILKINSON, et al.,

    Defendants.
_____/

Case No. 1:19-cv-437

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. The sole remaining claim in this case is Plaintiff's Eighth Amendment claim against Defendant Wilkinson. Defendant Wilkinson moved for summary judgment based on Plaintiff's failure to exhaust his administrative remedies and for dismissal based on Eleventh Amendment immunity. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending the Court grant Defendant's motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff presents three objections to the Magistrate Judge's Report and Recommendation. First, Plaintiff asserts that "[t]he [R]eport and [R]ecommendation conflicts with the cruel and unusual punishment proscribed by [the] Eighth Amendment" (Pl. Obj., ECF No. 45 at PageID.48).

According to Plaintiff, "[d]ismissing Plaintiff['s] claim would also be intentionally denying Plaintiff access to medical [care] because this process is the only way to receive help with his chest pain that has got[ten] worse and can turn into another heart attack …" (*id.*). Plaintiff's objection lacks merit. As properly stated by the Magistrate Judge, "[p]ursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit with respect to prison conditions under 42 U.S.C. § 1983" (R&R, ECF No. 44 at PageID.244, citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). Plaintiff's objection does not ameliorate his obligation to exhaust all available administrative remedies. Therefore, the objection is denied.

Second, Plaintiff argues that his "declarations and affidavit clearly show that Plaintiff does in fact meet the applicable grievance procedure of MDOC policy directive 03.02.130 …" (Pl. Obj., ECF No. 45 at PageID.249). Plaintiff's objection lacks merit. The Magistrate Judge properly identified, and Plaintiff did not dispute in his response, that Grievance MCF-18-03-0258-28E, the only grievance relevant to Plaintiff's claim against Defendant Wilkinson, "would properly be considered untimely" (R&R, ECF No. 44 at PageID.246). Plaintiff's objection does not demonstrate any factual or legal error by the Magistrate Judge and is therefore properly denied.

Third, Plaintiff objects to the Magistrate Judge's recommendation to grant Defendant's motion to dismiss Plaintiff's official-capacity claim as barred by the Eleventh Amendment. According to Plaintiff, he has "disputed and showed why defendant Wilkerson [sic] is not protected by the [E]leventh Amendment immunity" (Pl. Obj., ECF No. 45 at PageID.250). Plaintiff's objection lacks merit. The Magistrate Judge properly stated that an official-capacity suit is "no different than a suit against the state itself" and that "a state official sued in his official capacity is not a 'person' subject to suit for money damages under Section 1983" (R&R, ECF No.

44 at PageID.246-247, citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989)). Therefore, the objection is denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. All claims in this case having now been resolved, a Judgment will also be entered. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court must also determine, pursuant to 28 U.S.C. § 1915(a)(3), whether to certify that an appeal of this Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). The Court does not certify that an appeal would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 45) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 44) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment and Motion to Dismiss (ECF No. 23) is GRANTED, and Plaintiff's claim against Defendant Wilkinson is **dismissed without prejudice** for failure to exhaust and Plaintiff's official-capacity claim against Defendant Wilkinson is **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that this Court does not certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated:  September 11, 2020                                     /s/ Janet T. Neff
                                                              JANET T. NEFF
                                                              United States District Judge